1
2
3
4
5
6
7
8

CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
SAMI RANDOLPH, ESQ.
Nevada Bar No. 7876
5100 West Sahara Avenue
Las Vegas, Nevada 89146
Telephone: (702) 799-5373
Facsimile: (702) 799-7243
Email: randosn@nv.ccsd.net
*Attorney for Defendants Clark County School District,*
*Steven Jackson, Kimberly Perry-Carter, and*
*Clark County School District Police Department*

9

## UNITED STATES DISTRICT COURT

10

## DISTRICT OF NEVADA

11

| | |
|---|---|
| O.T., a Minor, by her Father and Legal Guardian, OTIS LEE TANNER; OTIS LEE TANNER, an Individual, | Case No.: _____ |
| Plaintiffs, | **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| vs. | |
| CLARK COUNTY SCHOOL DISTRICT; STEVEN JACKSON, an Individual; KIMBERLY PERRY-CARTER, Valley High School Principal; CLARK COUNTY SCHOOL DISTRICT SCHOOL POLICE DEPARTMENT, DOES I through XX; and ROE BUSINESS ENTITIES I through XX, inclusive, | |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22

23

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

24        NOTICE IS HEREBY GIVEN that Defendants Clark County School District ("CCSD"),

25  Steven Jackson ("Jackson"), Kimberly Perry-Carter ("Perry-Carter"), and Clark County School

26  District Police Department ("CCSDPD") (collectively ("CCSD Defendants"), by and through

27  their counsel of record, Clark County School District, Office of the General Counsel, hereby

28  remove the above-entitled action to the United States District Court for the District of Nevada

pursuant to 28 U.S.C. §1331, 1441, and 1446. This removal is based upon federal question jurisdiction and is timely.

In support of this Notice of Removal, Defendants Clark County School District ("CCSD"), Steven Jackson ("Jackson"), Kimberly Perry-Carter ("Perry-Carter"), and Clark County School District Police Department ("CCSDPD"), state as follows:

1. On August 16, 2024, Plaintiffs commenced Case No.: A-24-899923-C in the Eighth Judicial District Court, Clark County, Nevada.

2. On September 3, 2024, Defendant Clark County School District Police Department ("CCSDPD") was served with a copy of the Summons and Complaint.

3. On September 3, 2024, Defendant Steven Jackson ("Jackson") was served with a copy of the Summons and Complaint.

4. On September 5, 2024, Defendant Clark County School District ("CCSD") was served with a copy of the Summons and Complaint.

5. On September 5, 2025, Defendant Kimberly Perry-Carter ("Perry-Carter") was served with a copy of the Summons and Complaint.

6. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the complaint served upon CCSD Defendants in Case No.: A-24-899923-C is attached hereto as **Exhibit A.**

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C.§1331 and is one which may be removed to this Court by CCSD Defendants pursuant to 28 U.S.C. §1441(a) and (b) in that Plaintiffs assert alleged violations of 42 U.S.C. §1983 and 29 U.S.C. §794. Therefore, federal questions are presented. 20 U.S.C. §1400 et seq. See **Exhibit A, Paragraph Nos. 36-48 and 49-57.**

8. This Court has jurisdiction over the claims asserted in the Complaint that arise under state law because the federal questions predominate this action and the federal and state law claims arise from the same nucleus of operative fact and comprise but one constitutional case. *See* 28 U.S.C. §§1367, 1441(c).

9.  This Court is the proper venue for the removal of this action because it is the district court of the United States for the district and division embracing the place where the action is pending.  28 U.S.C. §1441(a).

10. Thirty days have not elapsed since CCSD Defendants were served with the Complaint.

11. Pursuant to Section 28 U.S.C. §1441, CCSD Defendants are entitled to remove this action to this Court.

12. A true and correct copy of this Notice of Removal is being served on all named parties to this action that have lodged an appearance in Case No.: A-24-899923-C and filed this date with the Clerk of the Eighth Judicial District Court.

13. If any question arises as to the propriety of this removal, CCSD Defendants requests the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

14. Nothing in this Notice of Removal shall be interpreted as a waiver of relinquishment of the CCSD Defendants' right to assert any defense or affirmative matter, including but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficient of service of process, failure to state a claim, fraudulent joinder or any other procedural or substantive defenses available to the CCSD Defendants.

Dated this 2nd day of October, 2024.

CLARK COUNTY SCHOOL DISTRCT
OFFICE OF THE GENERAL COUNSEL


By:  _/s/ Sami Randolph_
    Sami Randolph, Esq.
    Nevada Bar No. 7876
    5100 West Sahara Avenue
    Las Vegas, NV 89146
    *Attorney for Defendants*
    *Clark County School District,*
    *Steven Jackson, Kimberly Parry-Carter, and*
    *Clark County School District Police Department*

## CERTIFICATE OF SERVICE

I HEREBY BY CERTIFY that on the 2nd day of October, 2024, the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** was filed through the Nevada United States District Court CM/ECF System and served upon the following person(s) in the manner(s) listed below:

***Via U.S. First Class Mail & Electronic Mail:***
Otis Lee Tanner
2209 Calm Sea Avenue
Las Vegas, NV 89106
Email: tanner.otis@yahoo.com
*Plaintiff in Proper Person*


       */s/ Eva Martinez*
An Employee of the Office of the General
Counsel-CCSD

# EXHIBIT A

Electronically Filed
08/16/2024

*Howard D. Siemen*
CLERK OF THE COURT

**COMP**
**OTIS LEE TANNER**
2209 Calm Sea Ave.
Las Vegas, NV 89106
(702) 807-4406
tanner.otis@yahoo.com
In Proper Person

## DISTRICT COURT

| | |
|---|---|
| O____ T____, A Minor, by her Father and Legal Guardian, OTIS LEE TANNER; OTIS TANNER, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, STEVEN JACKSON, an Individual; KIMBERLY PERRY-CARTER, Valley High School Principal; CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT, DOES I through XX; and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants. | CASE NO.  **A-24-899923-C**<br>DEPT. NO.  **Dept 1**<br>1<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**EXEMPT FROM ARBITRATION** |

### CLARK COUNTY, NEVADA

### INTRODUCTION

Plaintiffs O.T., a minor by and through her Natural Father and Legal Guardian OTIS LEE TANNER, and OTIS LEE TANNER, allege as follows:

### PARTIES

1. Plaintiff O.T., is a minor and a resident of Clark County, Nevada.

2. OTIS LEE TANNER is the father of Plaintiff O.T., and a resident of Clark County, Nevada. He brings this action on behalf of his minor daughter O.T., as her natural father and legal guardian.

3. Plaintiff OTIS LEE TANNER is a resident of Clark County, Nevada.

4. Defendant CLARK COUNTY SCHOOL DISTRICT ("CCSD") is a public entity duly

incorporated and operating under Nevada law as a public school district.

5. Defendant STEVEN JACKSON ("STEVEN") was at all times relevant herein, employed by Defendant CCSD. All actions by Defendant STEVEN alleged herein were taken under color of state and Federal law and in the course and scope of his employment with Defendant CCSD.

6. Defendant KIMBERLY PERRY-CARTER ("KIM") was at all times relevant herein, employed by Defendant CCSD as a principal. All actions by Defendant KIM alleged herein were taken under color of state and Federal law and in the course and scope of her employment with Defendant CCSD.

7. Defendant CLARK COUNTY SCHOOL DISTRICT POLICE DEPARTMENT ("CCSDPD") was at all times relevant herein, employed by Defendant CCSD. All actions by Defendant CCSDPD alleged herein were taken under color of state and Federal law and in the course and scope of his employment with Defendant CCSD.

8. On information and belief, CCSD, STEVEN, KIM, CCSDPD and other CCSD administrators and employees were responsible for the training and supervision of school district staff at and for ensuring compliance with state and Federal laws.

9. Venue is proper in this Judicial District because the Defendants reside in this Judicial District, Plaintiff's claims occurred in Clark County, Nevada.

10. This case arose in Clark County, Nevada.

## GENERAL FACTUAL ALLEGATIONS

11. On or about August 17, 2022, at 2:15 pm O.T. was removed from riding the school bus and bullied by STEVEN, school bus driver by CCSD.

12. In response to the report, CCSD administrators promised to investigate. On information and belief, CCSD administrators failed to document or investigate the incidents, took no steps to intervene to stop the ongoing emotional abuse of O.T., failed to discipline or retrain STEVEN to prevent future occurrences, and concealed the mistreatment from O.T.'s father.

13. Upon receiving reports of the incident from eyewitnesses, O.T.'s father reported the

2

misconduct to CCSD administrators who promised to investigate the incident. On
information and belief, CCSD administrators failed to properly document or investigate
the incident, failed to intervene to stop the ongoing emotional abuse of O.T and failed to
discipline or retrain STEVEN to prevent future occurrences.

14. On or about August 18, 2022, at 6:15 am, O.T.'s father presented to the bus stop and
entered the bus to talk to STEVEN when STEVEN responded with "Fuck you, get the
fuck off the bus." STEVEN physically tried to push OTIS LEE TANNER out of the bus.
O.T.'s father was bullied and assaulted by STEVEN on the bus. Interaction became
physical and OTIS LEE TANNER suffered a broken arm in the altercation.

15. On information and belief, Defendants further failed to prohibit aversive interventions,
failed to take steps to intervene to stop the abuse and failed to discipline and/or retrain
STEVEN to prevent future mistreatment of O.T. and others.

16. STEVEN was no longer O.T.'s bus driver, but was still driving at her school, Valley
High School which continually caused O.T. mental trauma after the violation of her
safety by being removed from the bus without proper administration being notified and
left stranded for parents to come pick her up from the school. Due to STEVEN
remaining at the high school, STEVEN continued to bully O.T. with stares and verbal
abuse of "what the fuck are you looking at." Principal Perry also continued to allow
O.T. to be emotionally abused and failed to protect O.T. from further abuse or neglect
by staff which then interfered with O.T.'s ability to be properly educated or learn.

17. To make matters worse, CCSD administrators knew STEVEN emotionally, and verbally
abused the minor Plaintiff O.T. whenever he saw O.T. at school.

18. On information and belief, prior to the complaints by O.T.'s father made to
administrators, CCSD were aware of other similar complaints concerning mistreatment
of students, but failed to document and investigate the reports as required, failed to
complete mandatory forms, failed to comply with their statutory obligation to notify the
Nevada Department of Education ("DOE") of violations of students rights and establish
a Corrective Action Plan (CAP) to retrain STEVEN so that future violations would not
occur and failed to discipline the STEVEN to deter them from committing further abuse.

3

19. Neither CCSD nor CCSDPD informed OTIS LEE TANNER that O.T. had been subjected to abuse or identified in CCSDPD's investigation as a victim.

20. On information and belief, CCSD administrators and employees knew O.T., and other students in class were being abused but they concealed this information from OTIS LEE TANNER and other parents and from the DOE.

21. In addition to suffering direct abuse by STEVEN, students, including O.T., were also forced to witness the physical and emotional abuse of their classmates.

22. On information and belief, Defendants and CCSD repeatedly failed to comply with state law and district policies regarding the prompt documentation of the use and nature of aversive interventions. Further, on information and belief, Defendants and CCSD repeatedly failed to report in a timely manner the use of aversive interventions to the father of Plaintiff O.T. in violation of NRS 388.501.

23. On information and belief, CCSD administrators and employees were aware of physical and emotional abuse of students, including O.T., but failed to take action to intervene to protect the students in their care and/or to report the abuse to law enforcement, DOE, or to the students' parents.

24. On information and belief, CCSD administrators and employees knew that use of prohibited aversive interventions with students including O.T. violated their rights, but they intentionally concealed known violations from the DOE, failed to timely notify the DOE, failed to establish a CAP to re-train or discipline STEVEN to ensure future violations would not reoccur and concealed violations from the parents of student victims.

25. On information and belief, abuse of O.T. and other students reported to administrators and was open and obvious. CCSD employees were aware of the abuse of students by STEVEN but concealed it from parents and the DOE and did nothing to prevent from continuing to abuse students.

26. At the relevant times hereto, O.T.'s behavior did not rise to the level of an emergency or a serious or imminent threat of harm to himself or others which would permit using emergency physical force against him or restraining their freedom of movement.

4

### *Effect of the Abuse on Minor Plaintiff* **O.T.**

27. On information and belief, O.T. routinely experienced emotional abuse by STEVEN and his misconduct exacerbated and escalated behaviors.

28. Because CCSD administrators never provided O.T.'s father with proper forms documenting the use aversive interventions, O.T.'s father was unaware that his daughter was being emotionally abused on the school bus by STEVEN.

29. The full extent and duration of all of the abuse suffered by O.T. is currently unknown because she is emotionally unable to properly communicate all that occurred to her while she was in the care of Defendants.

30. Because CCSD intentionally concealed the abuse from O.T.'s father during the school year, they have been devastated by the delay in learning that STEVEN emotionally, and verbally abused O.T.

31. Since O.T. still rides in a school bus, O.T. continues to experience extreme anxiety, stress and fear as a result of the misconduct of the Defendants and by their failures to act.

32. The severe abuse of O.T. as herein alleged, has and will continue to cause permanent psychological harm.

33. On information and belief, O.T. will continue to require ongoing psychological treatment to address the trauma she has experienced.

34. As a proximate result of the actions of STEVEN, O.T. has suffered unjustifiable trauma and mental suffering.

### Allegations Specific to CCSD Policies and Practices

35. On information and belief, CCSD had multiple "written" policies, regulations, rules, and practices which contributed to the incidents giving rise to the constitutional violations in this case. Multiple persistent and widespread customs and practices of CCSD personnel also contributed. Some of the entrenched customs and practices of CCSD at issue

5

consist of employees' persistent failure to follow written policies, regulations, rules, or laws, as well as employees who go through the motions of complying with the letter of written policies, regulations, rules, or laws while violating the substantive intent of the relevant directives. These customs and practices were so widespread as to be the functional equivalent of CCSD policy.

**FIRST CLAIM FOR RELIEF Violation of Constitutional Rights, 42 U.S.C. § 1983**

36. Plaintiff refers to, and incorporates by reference, all of the preceding paragraphs as though fully set forth herein.

37. Plaintiff, and each of them, had a constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and to be secure in his or her person and to maintain his or her bodily integrity against unreasonable assaults on his or her person.

38. On information and belief violated the rights of Plaintiffs, and each of them, under the Fourth Amendment and Fourteenth Amendment by using unjustified and unreasonable force against him or her, and/or by failing to prevent it.

39. On information and belief, CCSD administrators conduct was objectively unreasonable under the circumstances and in light of the educational objectives Plaintiff was trying to achieve.

40. On information and belief, CCSD administrators conduct in physically seizing Plaintiff unlawfully subjected O.T. to excessive, unreasonable, and unnecessary abuse.

41. On information and belief, CCSD administrators violated the rights of Plaintiff, and each of them, under the Fourth and Fourteenth Amendments to the U.S. Constitution by actions, including but not limited to, acting with deliberate indifference to the risk of harm to Plaintiff.

42. On information and belief, Plaintiff alleges Defendants personally participated in the deprivation of their constitutional rights by their failure to act in response to allegations of serious child abuse, and their deliberate indifference to the fact that abuse was occurring.

6

43. On information and belief, CCSD administrators personally participated in the
deprivation of constitutional rights of Plaintiff, and each of them, by their failure to act
in response to prior reports of ongoing abuse of students.

44. On information and belief, the actions CCSD administrators and employees, as
described herein, were objectively unreasonable, willful, and wanton, in light of the
facts and circumstances.

45. On information and belief, CCSD violated the rights of Plaintiff, and each of them,
under the Fourth Amendment by its failure to maintain adequate policies or conduct
adequate training to prevent violations of the constitutional rights of disabled students.

46. On information and belief, CCSD had multiple "written" policies, regulations, rules, and
practices which contributed to the occurrence of the incidents which gave rise to the
constitutional violations in this case. Multiple persistent and widespread customs and
practices of CCSD gave rise to the constitutional violations alleged herein. Violations
such as the ones inflicted on Plaintiff was an obvious risk of the procedures adopted by
CCSD and its policymakers. CCSD's acts and omissions constitute deliberate
indifference.

47. On information and belief, CCSD also violated the rights of Plaintiff, and each of them,
under the Fourth Amendment when it displayed deliberate indifference to the
demonstrated propensity of CCSD administrators to violate the constitutional rights of
citizens in the manner that Plaintiff's rights were violated.

48. On information and belief, as a proximate result of the violations alleged hereinabove,
Plaintiff has suffered damages, including special and general damages, according to
proof.

## SECOND CLAIM FOR RELIEF

### Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794

### Plaintiff vs. CCSD

49. Plaintiff incorporates and realleges by reference all the foregoing paragraphs as if they
were fully set forth herein.

50. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 ("Section

7

504"), and the regulations promulgated thereunder prohibit discrimination against persons. Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under, any program or activity receiving Federal financial assistance.                                    .

51. Plaintiff is informed and believes and thereon allege that CCSD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

52. On information and belief, by subjecting Plaintiff to ongoing verbal and psychological abuse, Plaintiff was denied the benefit of her attendance on a CCSD bus and subjected to discrimination.

53.    On information and belief, by its actions or inactions in denying equal access to educational services and by subjecting Plaintiff to a hostile educational environment, CCSD has violated their rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

54.    On information and belief, CCSD administrators engaged in emotional, and verbal abuse as herein alleged, and said Defendants were deliberately indifferent to the risk that their actions would deprive Plaintiff of equal and meaningful access to education.

55.    On information and belief, CCSD is vicariously liable for the actions or inactions of its employees. CCSD administrators and employees were deliberately indifferent to the abuse committed by the bullies. They had actual knowledge of the ongoing abuse and knew that the STEVEN was likely to continue abusing students including Plaintiffs but failed to act upon that knowledge.

56.    On information and belief, this deliberate indifference by employees of CCSD gives rise to respondeat superior liability of CCSD.

57.    As a direct and proximate result of CCSD's failure to comply with their duty under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the regulations promulgated thereunder, Plaintiff has suffered damages as described herein.

8

### THIRD CLAIM FOR RELIEF Battery
### Plaintiff vs. Defendants and CCSD

58.    Plaintiff incorporates and realleges by reference all the foregoing paragraphs, as if they were fully set forth herein.

59.    On information and belief, the use of force employed by STEVEN against Plaintiff, and each of them, as alleged herein was unnecessary to carry out any reasonable purpose and/or exceeded the force reasonably necessary under the circumstances.

60.    On information and belief, the use of force, as alleged herein, by the bullies against Plaintiff, and each of them, constituted a battery.

61.    On information and belief, the actions of the bullies as alleged herein all occurred in or around the classroom and on the public-school campus, to which CCSD administrators were assigned by CCSD to work, and during regular workday hours while they were charged with the care and supervision of Plaintiff.

62.    On information and belief, the actions of CCSD administrators as alleged herein were committed in the course and scope of the tasks assigned to them by CCSD

63.    On information and belief, all of the actions of the bullies as alleged herein were reasonably foreseeable to CCSD considering the nature and scope of their employment with CCSD, in that it was foreseeable that in the course and scope of carrying out their duties CCSD administrators would have to exercise control over Plaintiff and other students in the class.

64.    On information and belief, the actions of the bullies as alleged herein were also reasonably foreseeable to CCSD because CCSD administrators were permitted to continue in their duties after their propensity for committing such acts of battery became known to their supervisors at CCSD.

65.    CCSD is vicariously liable for the bullies acts of battery pursuant to Nev. Rev. Stat. §41.745(1).

66.    As a result, CCSD administrators were in a position of authority. Plaintiff was particularly vulnerable because of her age and was particularly vulnerable and knew STEVEN'S abuse of Plaintiff would likely result in harm.

9

67.     On information and belief, in committing the violent acts alleged herein, STEVEN acted with the intent to cause Plaintiff, and each of them, extreme emotional distress, or at a minimum, acted with a reckless disregard as to whether such actions would cause such extreme emotional distress.

68.     On information and belief, CCSD administrators were aware, along with other District employees, that students, including Plaintiff, was being abused. CCSD administrators had actual knowledge of violent acts committed against Plaintiff by STEVEN, but failed to document, investigate, report to the DOE, or establish a CAP to retrain or to discipline so future abuse would not reoccur and actively concealed the abuse from the both the DOE and Plaintiff's father and the parents of other minor victims. Such misconduct by school district administrators charged with the care of students is outrageous.

69.     On information and belief, CCSD administrators and employees took advantage of Plaintiff by attempting to cover up the abuse, knowing full well Plaintiff would be unable to functionally communicate to her father that she was routinely subjected to verbal, and psychological abuse by other students. Because Defendants concealed the abuse from Plaintiffs'' parents, Plaintiff's father was unable to timely and appropriately respond to the abuse of his child at the time she was being abused.

70.     Defendants' conduct in this regard was outrageous and Defendants acted either with the intent to inflict emotional distress or, at a minimum, acted with a reckless disregard as to whether such actions would cause such extreme emotional distress.

71.     CCSD is liable for injuries proximately caused by the acts or omissions of its employees acting within the scope of their employments. See NRS 41.031, NRS 41.038.

72.     As a direct and proximate result of each Defendants' intentional acts, Plaintiff has incurred damages as alleged herein.

### FOURTH CLAIM FOR RELIEF

#### Negligence

#### Plaintiffs vs. Defendants and CCSD

73.     Plaintiff incorporates and realleges by reference all the foregoing paragraphs, as

10

if they were fully set forth herein.

74.     Defendants, and each of them, owed a duty to exercise reasonable care in their interactions with Plaintiff.

75.     A special relationship existed between each of Defendants and Plaintiff, which arose from the mandatory character of school attendance and the comprehensive control over students exercised by school personnel. CCSD owed a duty to exercise reasonable care to prevent harm to Plaintiff at the hands of anyone, including STEVEN, negligently or intentionally.

76.     Furthermore, on information and belief, upon learning that the bullies had been suspected of mistreating students, the duty to exercise reasonable care to prevent further harm to Plaintiff included a duty to disclose the suspected abuse to Plaintiff's father.

## FIFTH CLAIM FOR RELIEF
### Plaintiffs vs. Defendants and CCSD

77. Plaintiff incorporates and realleges by reference all the foregoing paragraphs, as if they were fully set forth herein.

78. As school personnel and/or other CCSD supervisory employees owed students under their supervision, including Plaintiff, a protective duty of care, which includes overseeing the educational environment and the performance and taking reasonable measures to guard Plaintiff against abuse from foreseeable sources.

79. On information and belief, CCSD employees were unfit to perform the work for which they were hired to do.

80. On information and belief, CCSD supervisory employees knew or should have known that STEVEN was abusing students on the school bus either by personally observing the abuse or by reports received from other school employees.

81. As school personnel and/or other CCSD supervisory employees owed students under their supervision, including Plaintiff, a protective duty of care, which includes overseeing the educational environment and the performance and taking reasonable

82. On information and belief, CCSD supervisory employees' negligence in supervising the

11

bullies was a substantial factor in causing harm to Plaintiff.

83. CCSD is liable for injuries proximately caused by the acts or omissions of its employees acting within the scope of their employments. See NRS 41.031, NRS 41.038.

84. As a direct and proximate result of Defendants' negligent supervision, Plaintiff has incurred damages as alleged herein.

## SIXTH CLAIM FOR RELIEF
### Plaintiffs vs. Defendants and CCSDPD

85. Plaintiff incorporates and realleges by reference all the foregoing paragraphs, as if they were fully set forth herein.

86. As school personnel and/or other CCSDPD supervisory employees owed students under their supervision, including Plaintiff, a protective duty of care, which includes overseeing the educational environment and the performance and taking reasonable measures to guard Plaintiff against abuse from foreseeable sources.

87. On information and belief, CCSDPD employees were unfit to perform the work for which they were hired to do.

88. On information and belief, CCSDPD supervisory employees knew or should have known that STEVEN was abusing students on the bus either by personally observing the abuse or by reports received from other school employees and parents.

89. As school personnel and/or other CCSDPD supervisory employees owed students under their supervision, including Plaintiff, a protective duty of care, which includes overseeing the educational environment and the performance and taking reasonable action.

90. On information and belief, CCSDPD supervisory employees' negligence in supervising STEVEN was a substantial factor in causing harm to Plaintiff.

91. CCSDPD is liable for injuries proximately caused by the acts or omissions of its employees acting within the scope of their employments. See NRS 41.031, NRS 41.038.

92. As a direct and proximate result of Defendants' negligent supervision, Plaintiff has incurred damages as alleged herein.

12

## SEVENTH CAUSE OF ACTION

### Enhanced Damages for Injury or Loss Suffered by a

### Vulnerable Person, NRS 41.1395 Plaintiff vs. Defendants

93. Plaintiff incorporates and realleges by reference all the foregoing paragraphs, as if they were fully set forth herein.

94. At all times relevant to this action, each Plaintiff was a vulnerable person as that term is defined by NRS 41.1395.

95. In committing the violent acts alleged herein, CCSD administrators acted with recklessness, oppression, fraud and/or malice as that term is defined by NRS 41.1395.

96. Accordingly, Plaintiff, and each of them, are entitled to double damages and attorneys' fees and costs under NRS 41.1395.

## JURY DEMAND

97. Plaintiff hereby demand that this matter be tried by a jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compensatory damages to each Plaintiff or pain, suffering, injury, emotional distress and for medical expenses, past and future;

2. Punitive damages against Defendants, as authorized under NRS 41.690;

3. Double Damages against each Defendant causing Plaintiffs' harms under NRS 41.1395;

4. Attorneys' fees and costs as authorized under 42U.S.C.§1983,42U.S.C.§ 1210, 29 U.S.C. § 794, and NRS 41.690 and 41.1395;

5. Prejudgment interest and post judgment interests allowed by law; and

6. Such other and further relief as the court deems just and proper.

Dated: August 15, 2024

13

**OTIS LEE TANNER**
2209 Calm Sea Ave.
Las Vegas, NV 89106
(702) 807-4406
tanner.otis@yahoo.com
In Proper Person

14